## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

MANUEL BANUELOS on his own behalf and
on behalf of all others similarly situated,

      Plaintiff,

v.

EL AGUASCALIENTES, LLC,
GUERRERO CORRAL, INC.,
JESUS RAMIREZ and
DANIEL RAMIREZ,

      Defendants.

_____

### CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1.  Defendants employed Plaintiff and those similarly situated to work long hours for low wages in Defendants' El Aguascalientes and El Taco Loco restaurants.

2.  Defendants refused to pay their employees overtime premiums for overtime hours worked.

3.  Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4.  Defendants also violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.,* as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7

C.C.R. 1103-1 because the COMPS requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5.      Defendants also refused to pay their employees for all hours worked.

6.      Defendants thus violated the COMPS and the FLSA because those Acts require employers to pay their employees for all work hours.

7.      Defendants also failed to provide their employees with rest periods during their shifts.

8.      Defendants thus violated the COMPS because it requires employers to provide their employees with a ten-minute rest period for each four-hour work period.

9.      Defendants also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

10.     Plaintiff seeks, on his own behalf and on behalf of all others similarly situated, actual and liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs resulting from Defendants' willful violations of state and federal wage law.

## PARTIES, JURISDICTION, AND VENUE

11.     Plaintiff Manuel Banuelos was employed by Defendants between approximately March, 2019 and approximately October 1, 2021. Plaintiff Banuelos's signed FLSA Consent to Sue Form is attached to the original Complaint as Exhibit 1.

12.     El Aguascalientes, LLC is a registered Colorado limited liability company with a principal street address of 4105 Wadsworth Blvd., Wheat Ridge, CO 80033.

13.     Guerrero Corral, Inc. is a registered Colorado corporation with a principal street address of 644 S. Main St., Brighton, CO 80601.

14.     Defendant Jesus Ramirez is an owner and manager of the Defendant enterprise.

15.     Defendant Daniel Ramirez is an owner and manager of the Defendant enterprise.

16.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

17.     Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the COMPS and the CWCA. 28 U.S.C. § 1367.

18.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

19.     Plaintiff and those similarly situated worked as restaurant laborers in Defendants' El Aguascalientes restaurant in Wheat Ridge, and El Taco Loco restaurant in Brighton.

20.     Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, and sometimes more than twelve hours per day, Defendants refused to pay their employees overtime wages for overtime hours worked.

21.     For example, Plaintiff Banuelos worked 90.16 hours at the Aguascalientes restaurant during the two-week pay period running from July 16, 2021 through July 31, 2021. During the two-week pay period running from June 16, 2021 through June 30, 2021, Plaintiff Banuelos worked 87.32 hours total at the Aguascalientes and El Taco Loco restaurants. Defendants refused to pay Plaintiff Banuelos overtime premiums for the hours he worked beyond 40 each workweek and 12 each workday during these and all other pay periods during his tenure of employment.

22.     Defendants also refused to pay Plaintiff Banuelos for all the hours he worked.

23.    For example, during the pay period running from September 1, 2021 through September 15, 2021, Plaintiff Banuelos worked a total of 76.91 hours but was only paid for 71.12 hours.

24.    Defendants also failed to provide Plaintiff and those similarly situated with compensated 10-minute break periods for each 4-hour work period.

25.    Defendants subjected all their employees to the same policies and practices of failing to pay overtime premium wages for overtime hours worked, failing to pay for all hours worked, and failing to provide rest periods.

26.    Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

27.    Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

28.    Defendant Jesus Ramirez, at all material times, exercised operational and financial control over the Defendant enterprise and exercised control over restaurants' employees' terms and conditions of employment. For example, Defendant Jesus Ramirez made important financial decisions regarding the enterprise, controlled his employees' rates of pay, made the decision to deny his employees overtime pay for overtime hours worked, to not pay for all hours worked, and to deny his employees required rest periods.  Defendant Jesus Ramirez also directs his employees as to their job duties, regularly yells at his employees, hires employees, controls the calculation and distribution of employee tips, and sets his employees' work schedules.

29.    Defendant Daniel Ramirez, at all material times, exercised operational and financial control over the Defendant enterprise and exercised control over restaurants' employees' terms

and conditions of employment. For example, Defendant Daniel Ramirez directs his employees as to their job duties, hires employees, sets his employees' work schedules, takes complaints from his employees regarding pay discrepancies, distributes wage and tip payments and, upon information and belief, participated in the decision to deny his employees regular and overtime wages and to deny them required rest periods.

30.     Plaintiff hereby demands, on his own behalf and on behalf of all others similarly situated who have been separated from employment with Defendants, payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

31.     Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "216(b) Class" as encompassing:

 All employees who worked on or after November 16, 2018.

32.     The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

33.     All potential collective action Members are similarly situated because they were employed by Defendants and were subject to Defendants' common policies of avoiding overtime wage payments and failing to pay for all hours worked.

## RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM

34.     Plaintiff asserts his Second Claim, brought under the COMPS, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

35.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "COMPS Class" as follows:

> All employees who worked on or after November 16, 2015.

36.     This action is properly brought as a class action for the following reasons.

37.     Defendants failed to pay all their employees overtime wages for overtime hours worked, failed to pay their employees for all hours worked, and failed to provide their employees with two ten-minute rest periods each workday.

38.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 75-100 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

39.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include:

    a.  Whether Defendants failed to pay all their employees overtime wages for overtime hours worked;

    b.  Whether Defendants failed to pay their employees for all hours worked; and

    c.  Whether Defendants failed to provide their employees with ten-minute rest periods for each four hours worked.

40.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime, refusing to pay for all hours worked, and failing to provide rest periods. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policies of failing to pay overtime, refusing to pay for all hours worked, and failing to provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

42.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

43.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

44.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

45.     Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims

that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

46.     Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

47.     Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

48.     It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

49.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

50.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM

51.      Plaintiff asserts his Third Claim, brought under the CWCA, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

52.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Class" as follows:

All separated employees who worked on or after November 16, 2015.

53.     This action is properly brought as a class action for the following reasons.

54.     Defendants failed to pay all their separated hourly employees all earned, vested and determinable wages upon their separation.

55.     The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-90 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

56.     Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include:

a.   Whether Defendants paid their employees all earned, vested and determinable wages upon separation;

b.   Whether Defendants received a written demand for wages due to all separated employees; and

c.   Whether Defendants tendered any monies in response to that demand.

57.     The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay all earned, vested and determinable wages due upon employees' separation from employment. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policy of failing to pay all wages due

was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

58.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

59.     The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

60.     The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

61.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

62.     Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CWCA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

63.     Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

64.     Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

65.     It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

66.     This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

67.     The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Overtime Premiums and Failure to Pay for All Hours Worked
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

68.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

69.     Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

70.     Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

71.     Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

72.     Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

73.     Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek and when they refused to pay for all hours worked.  29 U.S.C. § 206; 29 U.S.C. § 207.

74.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

75.     Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

76.     Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

**SECOND CLAIM – Failure to Pay Overtime Premiums, Failure to Pay for All Hours Worked and Failure to Provide Rest Periods**
**<u>Violation of the COMPS, 7 CCR 1103-1</u>**

77.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

78.     Defendants were Plaintiff's and those similarly situated's "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

79.     Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

80.     Defendants engage in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the pre-COMPS Colorado Minimum Wage Orders ("MWOs"). 7 CCR 1103-1(2)(A).

81.     Defendants violated the COMPS (and the MWOs) when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday, when they refused to pay for all hours worked, and when they refused to provide Plaintiff and others with ten minutes of rest for each four-hour period worked.

82.    Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

83.    Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)

84.    Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

85.    Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

86.    Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants.  C.R.S. § 8-4-101(5).

87.    Defendants violated the CWCA when they failed to pay Plaintiff and those similarly situated all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

88.    Defendant incurred penalties under the CWCA to the extent they failed to tender wages due within 14 days of receipt of Plaintiff's demand for all wages due. C.R.S. § 8-4-109.

89.    As a result, Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

90.    Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, that:

    a.  This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

    b.  Plaintiff and the 216(b) Class be awarded unpaid overtime premiums;

    c.  Plaintiff and the 216(b) Class be awarded liquidated damages as required by law;

    d.  Plaintiff and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

    e.  Plaintiff and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f.  Plaintiff and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And, as to his SECOND CLAIM, that:

    a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b.  Plaintiff be certified as the class representative of the COMPS Class;

    c.  Undersigned counsel be appointed COMPS Class Counsel;

    d.  Prompt notice of this litigation be sent to all potential COMPS Class Members;

    e.  Plaintiff and the COMPS Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

    f.  Plaintiff be awarded a service award in recognition of his work as representative of the COMPS Class;

    g.  Plaintiff and the COMPS Class be awarded such other and further relief as may be necessary and appropriate.

And, as to his THIRD CLAIM, that:

    a.  This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b.  Plaintiff be certified as the class representative of the CWCA Class;

    c.  Undersigned counsel be appointed CWCA Class Counsel;

d.  Prompt notice of this litigation be sent to all potential CWCA Class Members;

e.  Plaintiff and the CWCA Class members be awarded the wages earned, vested and determinable wages they are due per C.R.S. § 8-4-109;

f.  Plaintiff and the CWCA Class members be awarded statutory penalties per C.R.S. § 8-4-109;

g.  Plaintiff and the CWCA Class members be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

h.  Plaintiff be awarded a service award in recognition of his work as representative of the CWCA Class;

i.  Plaintiff and the CWCA Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*